## HATTIE M. McCLURE
vs.
## HARRY MARCUS

Superior Court        Fairfield County        File #45019

Present:   Hon. ALFRED C. BALDWIN, Judge.

Ira Cressler,                    Attorney for the Plaintiff.

George Wise,                    Attorney for the Defendant.

**MEMORANDUM FILED MARCH 25, 1935.**

BALDWIN, J.   The defendant is engaged in selling and delivering milk in Stamford and for some time prior to March 2, 1934, he sold and delivered milk to the plaintiff and her family at her home at 49 Franklin Street in that city.

It was the usual custom of the defendant's employee to deliver the milk at the back door of the home, and since the plaintiff and her husband were employed, and the only other member of the household was a roomer, who was also employed, and delivery was made in the afternoon, such delivery was made by leaving a bottle of milk on the rear porch outside the rear door to the house.

The rear and front entrances to the house were equipped with storm doors in addition to the regular rear and front door, and these storm doors were so hung as to leave a space between the regular and storm doors at each entrance of approximately six inches.   The regular doors of the house were locked when the occupants during the day were at their respective employments, and sometimes the catch on the rear storm door failed to hold the latch so that that door also became locked.

On occasions when plaintiff or her husband had returned home in the evening from their respective employments no bottle of milk was found as expected, and since delivery had

been made, it was assumed that the milk and its container had been stolen. Approximately a month before the plaintiff received her injury upon her return home and the return of her husband one evening they found no milk at the usual place of delivery and plaintiff's husband called the defendant's place of business on the telephone and requested a delivery of milk and that upon delivery of milk thereafter that it be left between the storm and regular doors, or in a place of concealment. Thereafter, until March 2, 1934, defendant's employee left the bottle of milk at the rear entrance between the regular and storm doors except on some occasions when he found the rear storm door locked and he was unable to leave the milk at the rear entrance, where concealed and less likely to be stolen. On such occasions he left the bottle of milk between the front regular and storm doors. There were several such instances during the month preceding March 2, 1934. When delivery was made on March 1, 1934, the defendant's employee found the rear storm door locked and being unable to leave the milk concealed at that entrance he left it between the regular front and storm doors. Again on March 2, 1934, defendant's employee found the rear storm door locked and he thereupon left a quart of milk in a glass bottle container having the commonly used paper disk stopper standing on the front door sill close to the door jamb and between the regular and storm doors. Upon plaintiff's return that evening she opened the storm door and swung it around wide open; it had no spring or other device to cause it to close. She then unlocked the door and opened that slightly and proceeded to enter the house knocking over with her right foot the quart bottle of milk, which became entangled with "her left foot" causing her to fall from which fall she received an injury to her left leg just above the ankle.

She claims negligence on the part of the defendant's employee in leaving the bottle of milk at the front entrance in the manner described.

From the circumstances described, and the condition of light in the vicinity, I cannot find negligence on the part of the defendant or his employee.

Judgment may be entered for the defendant.